[960 NYS2d 666]

In the Matter of David R. Roggenbaum, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, February 8, 2013

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.
*David R. Roggenbaum,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 22, 2002, and maintains an office in Lakewood. The Grievance Committee filed a petition alleging four charges of misconduct against respondent, including misappropriating client funds and failing to cooperate with the investigation of the Grievance Committee. Respondent filed an answer admitting the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that, in September 2007, he was retained to represent the guardian of a minor as the plaintiff in a personal injury matter. Respondent further admits that, in September 2008, the trial court approved an infant settlement and entered an order directing that the net proceeds of the settlement, or approximately $9,000, be held in trust at a local bank until the minor reached 18 years of age. Respondent admits that he thereafter deposited the settlement proceeds into his personal checking account, failed to establish the required escrow account as directed by the trial court and, for over 10 months, failed to remit to his client the net proceeds of the settlement. Respondent further admits that, during that time period, he disbursed funds from his personal checking account for matters unrelated to the client's matter, causing the balance in that account to fall below the amount necessary to satisfy his obligations to his client.

With respect to another client matter, respondent admits that, in July 2009, he received client funds in the amount of $90,000 in relation to the settlement of a personal injury matter. Respondent further admits that he deposited the funds into his

personal checking account, which at the time was overdrawn by $429.70, resulting in the immediate misappropriation of funds belonging to his client. Although respondent thereafter disbursed a portion of the funds to his client and to himself for his legal fee, respondent admits that, from August 2009 through June 2011, he offered to his client various excuses as to why the client had not received the balance of the funds. Respondent additionally admits that, beginning in June 2011, he failed to respond to numerous inquiries from his client regarding the matter. In November 2011, respondent remitted to his client the remainder of the funds to which the client was entitled.

In addition to the conduct set forth above, respondent admits that, during the relevant time period, he commingled personal funds with client funds and failed to maintain bookkeeping records sufficient to describe all of his transactions involving client funds. Respondent further admits that, from September 2011 through February 2012, he failed to comply with the request of the Grievance Committee to produce financial records reflecting his receipt and disbursement of client funds.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

rule 1.4 (a) (3) (22 NYCRR 1200.0)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4) (22 NYCRR 1200.0)—failing in a prompt manner to comply with a client's reasonable requests for information;

rule 1.15 (a) (22 NYCRR 1200.0)—misappropriating client funds and commingling client funds with personal funds;

rule 1.15 (b) (1) (22 NYCRR 1200.0)—failing to maintain client funds in a special account separate from his business or personal accounts;

rule 1.15 (c) (4) (22 NYCRR 1200.0)—failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in his possession that the client is entitled to receive;

rule 1.15 (d) (2) (22 NYCRR 1200.0)—failing to make accurate, contemporaneous entries of all financial transactions in his records of receipts and disbursements, his ledger books and

in any other books of account kept by him in the regular course of his practice;

rule 1.15 (i) (22 NYCRR 1200.0)—failing to make available to the Grievance Committee financial records required by the rules to be maintained;

rule 1.15 (j) (22 NYCRR 1200.0)—failing to produce required bookkeeping records in response to a notice issued by the Grievance Committee;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, that respondent has engaged in misconduct for personal gain and resulting in harm to his clients. We have additionally considered respondent's disciplinary history, which includes two letters of caution. In mitigation of the charges, we have considered respondent's expression of remorse and his statement that, during the relevant time period, he suffered from depression for which he has sought treatment. We have further considered that no client was permanently deprived of any funds. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of six months and until further order of the Court. In addition, upon any application to this Court for reinstatement to the practice of law, respondent shall submit proof that, during the period of suspension, he has successfully completed six credit hours of continuing legal education concerning legal ethics in accordance with the order entered herewith.

CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN and MARTOCHE, JJ., concur.

Order of suspension entered.